UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JENNIFER LYNN PARTON,        )
                             )
        Plaintiff,            )
                             )        No. 3:10-CV-436
                             )        (VARLAN/GUYTON)
V.                           )
                             )
SMOKY MOUNTAIN KNIFE WORKS, *et al.*,  )
                             )
        Defendants.           )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge to address the Motion for Reconsideration or Clarification of Order Denying in Part Defendants' Motion to Dismiss as to Defendant Chase Pipes [Doc. 16], Motion for Reconsideration or Clarification of Order Denying in Part Defendants' Motion to Dismiss as to Defendant Smoky Mountain Knife Works [Doc. 18], and Defendants' Motion to Dismiss for Failure to Prosecute [Doc. 20].

### I.      BACKGROUND

In her Complaint, filed October 13, 2010, the Plaintiff alleges that she worked for Defendant Smoky Mountain Knife Works ("Knife Works") for fifteen years. [Doc. 1 at ¶ 6; Doc. 37 at ¶ 8]. She alleges that in early 2008 Defendant Chase Pipes began sexually harassing her. [Doc. 1 at ¶¶ 8-11; Doc. 37 at ¶¶ 16, 17, 21]. This harassment allegedly culminated in a forcible rape on or about November 18, 2008. [Doc. 1 at ¶¶ 38-55; Doc. 37 at ¶ 39]. Plaintiff alleges that following a constructive discharge the Defendants and the employees of the Knife

Works began a smear campaign against the Plaintiff by defaming her in her community. [Doc. 1 at ¶ 61; Doc. 37 at ¶ 45]. The Plaintiff filed the instant suit alleging: (1) *quid pro quo* sexual harassment; (2) retaliation-sexual harassment; and (3) outrageous conduct, which the Court has treated as intentional infliction of emotional distress.

On September 12, 2011, the Honorable Thomas A. Varlan, United States District Judge, entered a Memorandum Opinion and Order [Docs. 12, 13], dismissing the Plaintiff's claim for Title VII retaliation against Defendant Pipes and her claim for *quid pro quo* sexual harassment, [Doc. 12 at 18, 21]. Judge Varlan declined to dismiss the Plaintiff's other claims. This ruling was based, in part, on a finding that allegations contained in the proposed amended complaint precluded dismissing based upon the statute of limitations. [Doc. 12 at 12]. The Plaintiff was ordered to file her amended complaint within twenty days of entry of the Order on September 12, 2011. [Doc. 13]. The Plaintiff failed to file her amended complaint in the time allowed by the Court, and the Defendants filed the motions that are now before the Court in December 2011.

On January 18, 2012, the Plaintiff filed a *pro se* letter requesting review of counsel and withdrawal of her current counsel. [Doc. 22]. At a hearing held February 7, 2012, the undersigned addressed the Plaintiff's request that her counsel withdraw from representing her due to lack of communication. The Court found that the Plaintiff's request was well-taken, and the Court ordered the Plaintiff to secure a new attorney, if she intended to do so, on or before March 5, 2012. [Doc. 27 at 2]. On March 5, 2012, Attorney Ronald Rayson filed a Notice of Appearance [Doc. 28], requesting that the Court substitute Mr. Rayson as counsel for the Plaintiff, and Mr. Rayson was substituted as counsel. On May 7, 2012, the Plaintiff filed her Amended and Restated Complaint [Doc. 37].

2

Briefing on the motions that are before the Court was stayed for a period as Mr. Rayson familiarized himself with this case, and the briefing schedule was extended on different occasions. [Docs. 31, 38, 42, 44]. These motions are now ripe for adjudication. The Court finds that these motions may be addressed without a hearing, see E.D. Tenn. L.R. 7.2, and for the reasons more fully stated below, the undersigned will **RECOMMEND** that the Motion for Reconsideration or Clarification of Order Denying in Part Defendants' Motion to Dismiss as to Defendant Chase Pipes [Doc. 16], Motion for Reconsideration or Clarification of Order Denying in Part Defendants' Motion to Dismiss as to Defendant Smoky Mountain Knife Works [Doc. 18], and Defendants' Motion to Dismiss for Failure to Prosecute [Doc. 20] be **DENIED**.

**II.  ANALYSIS**

The Court will address each of the motions before it in turn.

**A.  Motion to Dismiss for Failure to Prosecute**

The Defendants have filed a Motion to Dismiss for Failure to Prosecute [Doc. 20], moving the Court to dismiss this case. In support of this request, the Defendants submit that the Plaintiff has failed to prosecute this case and has failed to respond to the Defendants' Motion to Dismiss. The Defendants note that the Plaintiff failed to file an amended complaint in the time allowed by the Court's Order entered September 12, 2011. [Doc. 21 at 2]. The Defendants also detail the unresponsiveness of Plaintiff's former counsel. [Doc. 21 at 3].

The Plaintiff responds that the events that have transpired since the filing of the Motion to Dismiss "clearly indicate the Plaintiff is prosecuting this matter." [Doc. 47 at 1]. Plaintiff notes that since Mr. Rayson has been substituted as counsel the Court has set a new trial date in this matter, the Court has entered a new Scheduling Order, and the Plaintiff has filed an

3

Amended Complaint. [Doc. 47 at 2]. Plaintiff has also responded to the motions filed by the Defendants. The Plaintiff maintains that the Defendants have not demonstrated that they have incurred any prejudice, and the Plaintiff argues that the extreme sanction of dismissal for failure to prosecute is not appropriate under these circumstances. [Doc. 47 at 3].

The Defendants have made a final reply in support of their position urging the Court to hold the Plaintiff responsible for the acts of her former counsel pursuant to Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962). [Doc. 49 at 1]. The Defendants submit that they have been prejudiced "in that they have expended considerable time and resources litigating this case for over a year with virtually no cooperation from or participation by Plaintiff." [Doc. 49 at 2].

"Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 362–63 (6th Cir. 1999) (quoting Fed. R. Civ. P. 41(b)). In deciding whether to dismiss an action for failure to prosecute, the court should look to four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Knoll, 176 F.3d at 363 (citing Stough v. Mayville Community Sch., 138 F.3d 612, 615 (6th Cir. 1998)).

The Court of Appeals for the Sixth Circuit has been "reluctant to uphold the dismissal of a case . . . merely to discipline an errant attorney because such a sanction deprives the client of his day in court." Knoll, 176 F.3d at 363 (quoting Buck v. U.S. Dep't of Agric., 960 F.2d 603, 608 (6th Cir. 1992)). Despite acknowledging Link, the Court of Appeals has "increasingly

4

emphasized directly sanctioning the delinquent lawyer rather than an innocent client." Knoll, 176 F.3d at 363 (quoting Coleman v. Amer. Red Cross, 23 F.3d 1091, 1095 (6th Cir. 1994)).

The Court finds that, in this case, the drastic remedy of dismissal is not appropriate. The Defendants have not demonstrated that the Plaintiff's failure to participate in this case in late 2011 and early 2012 was due to willfulness, bad faith, or fault, and the evidence before the Court does not indicate that the Plaintiff willfully disregarded her duties as a litigant. The Court acknowledges that the Defendant incurred some prejudice in that the delay of this case has required expending additional resources on this matter. Nonetheless, the Defendant has not cited the Court to any prior warnings to the Plaintiff explaining that failure to cooperate could lead to dismissal, and finally, there is no evidence that less drastic sanctions have been imposed or failed to yield the desired result. The Court finds that the relevant factors weigh against dismissing this case.

In addition, the Court finds that dismissing this action would deny the Plaintiff her day in court based upon the behavior of her previous counsel. See Knoll, 176 F.3d at 363. The Court of Appeals has held that such a ruling is disfavored in this Circuit.

Accordingly, the undersigned **RECOMMENDS** that the Motion to Dismiss for Failure to Prosecute **[Doc. 20]** be **DENIED**.

B. **Motions for Reconsideration**

The Defendants move the Court to reconsider and reverse its prior decision and dismiss all claims against them. The Defendants maintain that the Plaintiff has failed to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure with regard to the outrageous conduct claim and that her retaliation claim was barred by her failure to exhaust administrative remedies. The Defendants argue that the Court erred in applying the statutes of

5

limitation to the Plaintiff's claims. Specifically, the Defendants contend that the Court erred in applying a version of the continuing tort rule, which is not recognized in Tennessee, and in its reliance on Barrett v. Whirlpool Corp., 704 F. Supp. 2d 746, 753-54 (M.D. Tenn. 2010).

The Plaintiff urges the Court not to revisit its rulings, but she concedes that the Defendants should be afforded a portion of their requested relief. She asserts, "It cannot be contested . . . that when presuming all factual allegations in the Plaintiff's Amended and Restated Complaint to be true, and giving the Plaintiff the benefit of all inferences, as required by Rule 12, Plaintiff has stated three (3) causes of action for hostile environment, sexual harassment, *quid pro quo* sexual harassment and retaliation for lodging complaints of sexual harassment . . . ." [Doc. 46 at 3]. The Plaintiff concedes that her claim for outrageous conduct based on the sexual assault/rape should be dismissed as time-barred. [Doc. 46 at 3]. The Plaintiff also states that she will not pursue a cause of action for *quid pro quo* sexual harassment, and she concedes that the claim *quid pro quo* sexual harassment should be dismissed. [Doc. 46 at 4].

In reply, the Defendants acknowledge their agreement with the Plaintiff that: (1) the Court should dismiss Plaintiff's claim for outrageous conduct to the extent the claim is based upon the alleged sexual assault/rape and (2) the Court should dismiss Plaintiff's claim for *quid pro quo* sexual harassment. The Defendants maintain that the Court should: dismiss the Plaintiff's claim for outrageous conduct based upon the alleged "smear campaign"; dismiss the Plaintiff's claim for retaliation based upon the alleged "smear campaign"; hold that the complaint[1] does not plead that the Plaintiff suffered a tangible employment action.

---

[1] The Defendants occasionally reference "the Complaint," [Doc. 48 at 5], which would appear to indicate the original complaint rather than the "Amended and Restated Complaint." In other portions of their reply, the Defendants refer to the Amended Complaint, see, e.g., Doc. 48 at 3. The Court has resolved this ambiguity in a manner consistent with the docket in this case and has treated these references as references to the Amended Complaint, which is now the Plaintiff's controlling pleading.

6

Based on the parties' submissions, the Court initially finds that the Plaintiff's claim for outrageous conduct, to the extent it is based upon the alleged sexual assault/rape, should be **DISMISSED**. In addition, the parties appear to have agreed that the Plaintiff's *quid pro quo* sexual harassment claim should be dismissed. This claim was dismised by the Order entered September 12, 2011, which stated "the *quid pro quo* sexual harassment claim [is] **DISMISSED**." It appears no further action is required as to the *quid pro quo* sexual harassment claim.

Turning to the request to reconsider, it is well-established that "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 Fed. App'x 949, 959 (6th Cir. 2004) "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id. (citing Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

The Defendants acknowledge this standard in their Motions for Reconsideration, but they use the majority of their briefing to re-argue arguments previously presented to the Court, which were found to be unpersuasive. As noted above, the Defendants argue that: the Plaintiff has failed to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; she failed to exhaust her administrative remedies; and the Court erred in applying the statutes of limitation to the facts and claims in this case. The Court finds that none of the Defendants' arguments involve an intervening change of controlling law, new evidence, or the need to correct a clear error or prevent manifest injustice. Therefore, reconsideration of the Court previous rulings, with regard to these issues, is not appropriate.

The Defendants also argue that the Court's previous finding that the Plaintiff's claims for outrageous conduct and retaliation were not barred by the statute of limitations relied upon filing of the amended complaint, which had not been filed at the time the Motions for Reconsideration were filed. This circumstance could be interpreted as supporting reconsideration. The Court finds, however, that the Plaintiff has now filed her Amended and Restated Complaint [Doc. 37], which includes the allegations of a "smear campaign" and actions subsequent to the alleged rape that the Court relied on in reaching its previous decision. [See Doc. 12 at 10, 17, 21-22; Doc. 37 at ¶¶ 40-45]. The Court, therefore, finds that reconsideration is not appropriate because the allegations relied upon by the Court are now contained in the pleadings of this case, and the Defendants have failed to demonstrate a need to correct a clear error, a need to prevent manifest injustice, or a circumstance that would otherwise justify revisiting the Court's prior decision.

Accordingly, the undersigned **RECOMMENDS** that the Motion for Reconsideration or Clarification of Order Denying in Part Defendants' Motion to Dismiss as to Defendant Chase Pipes **[Doc. 16]** and Motion for Reconsideration or Clarification of Order Denying in Part Defendants' Motion to Dismiss as to Defendant Smoky Mountain Knife Works **[Doc. 18]** be **DENIED**.

## III. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**:[2]

1. The Motion to Dismiss for Failure to Prosecute **[Doc. 20]** be **DENIED**;

2. The Defendants' Motions for Reconsideration or Clarification **[Docs. 16, 18]** be **DENIED**; and

3. Based upon the parties' agreement, the Plaintiff's claim for outrageous conduct, to the extent it is based upon the alleged sexual assault/rape, be **DISMISSED**.

Respectfully Submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).